# EXHIBIT A



**null / ALL**
**Transmittal Number: 27087482**
**Date Processed: 06/12/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Marc P. Clements<br>Jarden Corporation<br>3600 North Hyrdaulic Street<br>Wichita, KS 67219-3812 |

| | |
|---|---|
| **Entity:** | Sunbeam Products, Inc.<br>Entity ID Number  3672673 |
| **Entity Served:** | Sunbeam Products, Inc |
| **Title of Action:** | Shirley Johnson vs. Sunbeam Products, Inc. |
| **Matter Name/ID:** | Shirley Johnson vs. Sunbeam Products, Inc (14182021) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Palm Beach County Circuit Court, FL |
| **Case/Reference No:** | 502023CA010843XXXXMB |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 06/12/2023 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Law Offices of Jason Turchin<br>954-515-5000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**** CASE NUMBER: 502023CA010843XXXXMB Div: AO ****
Filing # 174429831 E-Filed 06/01/2023 04:51:35 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

SHIRLEY JOHNSON,

     Plaintiff,

v.

SUNBEAM PRODUCTS, INC,
and NEWELL BRANDS, INC.,

     Defendant.

_____/

<u>C I V I L   A C T I O N   S U M M O N S</u>

THE STATE OF FLORIDA:

To Each Sheriff of said State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the complaint or petition
in this action on Defendant:

**SUNBEAM PRODUCTS, INC.**

By serving:        Corporation Service Company
                1201 Hays Street
                Tallahassee, FL 32301-2525

     Each defendant is required to serve written defenses to the complaint or petition on JASON
TURCHIN, ESQUIRE, Plaintiff's attorney, whose address is:

Law Offices of Jason Turchin
2883 Executive Park Drive, Suite 103
Weston, Florida 33331
Telephone: (954) 515-5000
litigation3@victimaid.com

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file
the original of the defenses with the clerk of this court either before service on plaintiff's attorney or
immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the
relief demanded in the complaint or petition.

Jun 02 2023

     WITNESS my hand and the Seal of said Court this ____ day of _____, 2023.

Joseph Abruzzo
As Clerk of said Court

By:_____
As Deputy Clerk

Raegan Lee

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

### STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

_____

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**. ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

15TH JUDICIAL CIRCUIT
ADMINISTRATIVE OFFICE OF THE COURT

**Administrative Circuit Judge**

**** CASE NUMBER: 502023CA010843XXXXMB Div: AO ****
Filing # 174429831 E-Filed 06/01/2023 04:51:35 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

SHIRLEY JOHNSON,

      Plaintiff,

v.

SUNBEAM PRODUCTS, INC,
and NEWELL BRANDS, INC.,

      Defendant.

_____/

## C I V I L   A C T I O N   S U M M O N S

THE STATE OF FLORIDA:

To Each Sheriff of said State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the complaint or petition in this action on Defendant:

      **NEWELL BRANDS, INC.**

By serving:            Corporation Service Company
                      1201 Hays Street
                      Tallahassee, FL 32301-2525

      Each defendant is required to serve written defenses to the complaint or petition on JASON TURCHIN, ESQUIRE, Plaintiff's attorney, whose address is:

Law Offices of Jason Turchin
2883 Executive Park Drive, Suite 103
Weston, Florida 33331
Telephone: (954) 515-5000
litigation3@victimaid.com

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Jun 02 2023

WITNESS my hand and the Seal of said Court this ____ day of _____, 2023.

Joseph Abruzzo
As Clerk of said Court

By:_____
As Deputy Clerk

Raegan Lee

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

      3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**. ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

15TH JUDICIAL CIRCUIT
ADMINISTRATIVE OFFICE OF THE COURT

**Administrative Circuit Judge**

**** CASE NUMBER: 502023CA010843XXXXMB Div: AO ****
Filing # 174429831 E-Filed 06/01/2023 04:51:35 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

SHIRLEY JOHNSON,

     Plaintiff,

v.

SUNBEAM PRODUCTS, INC,
and NEWELL BRANDS, INC.,

     Defendant.

_____/

## C I V I L   A C T I O N   S U M M O N S

THE STATE OF FLORIDA:

To Each Sheriff of said State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the complaint or petition in this action on Defendant:

**SUNBEAM PRODUCTS, INC.**

By serving:     Corporation Service Company
     1201 Hays Street
     Tallahassee, FL 32301-2525

     Each defendant is required to serve written defenses to the complaint or petition on JASON TURCHIN, ESQUIRE, Plaintiff's attorney, whose address is:

Law Offices of Jason Turchin
2883 Executive Park Drive, Suite 103
Weston, Florida 33331
Telephone: (954) 515-5000
litigation3@victimaid.com

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Jun 02 2023

     WITNESS my hand and the Seal of said Court this _____ day of _____, 2023.

Joseph Abruzzo
As Clerk of said Court

By: _____
As Deputy Clerk

Raegan Lee

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

    3. <u>**MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**</u>. ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.


    **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.



                    **Administrative Circuit Judge**

Filing # 174429831 E-Filed 06/01/2023 04:51:35 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

SHIRLEY JOHNSON,

     Plaintiff,

v.

SUNBEAM PRODUCTS, INC,
and NEWELL BRANDS, INC.,

     Defendant.

_____/

## NOTICE OF DESIGNATION OF E-MAIL ADDRESS

     JASON TURCHIN, ESQ. and GABRIEL A. BACA, ESQ. from the Law Offices of

Jason Turchin, hereby file this Notice of Designation of E-Mail Address, and designate

the following email address(es) for receipt of pleadings in this matter:

**litigation3@victimaid.com (primary)**

**gabriel@victimaid.com (secondary)**

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been served upon Defendants with the initial pleadings in this matter.

Respectfully Submitted,

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive, Ste. 103
Weston, FL 33331
Telephone:   954-659-1605 x 222
Facsimile:    954-659-1380
Email:          gabriel@victimaid.com

By:*/s/ Gabriel A. Baca, Esq.*

GABRIEL A. BACA, ESQ.
Florida Bar No. 1017732
JASON TURCHIN, ESQ.
Florida Bar No. 585300

**CHAFFIN LUHANA LLP**
Attorney for Plaintiff
600 Third Ave, 12th Floor
New York, NY 10016
Telephone:   888-480-1123
Facsimile:    888-499-1123
Email: anderson@chaffinluhana.com

By:*/s/ Peter Anderson, Esq.*

PETER ANDERSON, ESQ.
(*pro hac vice pending*)
Maryland Bar No. 0912150025

Filing # 174429831 E-Filed 06/01/2023 04:51:35 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

SHIRLEY JOHNSON,

      Plaintiff,

v.

SUNBEAM PRODUCTS, INC,
and NEWELL BRANDS, INC.,

      Defendant.

_____/

## **COMPLAINT**

Plaintiff, SHIRLEY JOHNSON, by and through undersigned counsel, sues Defendants, SUNBEAM PRODUCTS, INC. and NEWELL BRANDS, INC., and alleges as follows:

### **General Allegations**

1.     That this is an action in excess of $50,000.00 exclusive interest and costs, and within the jurisdiction of this Court.

2.     That at all material times to this Complaint, Plaintiff, SHIRLEY JOHNSON, was a citizen and resident of Red Oak, Texas.

3.     That at all times material hereto, Defendant SUNBEAM PRODUCTS, INC. ("SUNBEAM") was and is a Delaware corporation incorporated under the laws of the State of Delaware, with its principal place of business in Boca Raton, Florida.

4.     Defendant SUNBEAM is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State;

manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

5.      That at all times material hereto, Defendant NEWELL BRANDS INC. ("NEWELL") was and is a Delaware corporation incorporated under the laws of Delaware with its principal place of business in Hoboken, New Jersey.

6.      Defendant NEWELL is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

7.      Defendants are subject to the jurisdiction in the State of Florida and therefore venue is proper in Palm Beach County, Florida.

8.      Prior to the date of incident, Plaintiff, SHIRLEY JOHNSON, purchased a Crock Pot electric pressure cooker ("Pressure Cooker").

9.      Upon information and belief, at all relevant times, Defendant SUNBEAM is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Pressure Cooker.

10.     Upon information and belief, at all relevant times, Defendant NEWELL is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Pressure Cooker.

11.     Upon information and belief, at all relevant times, Defendants SUNBEAM and/or NEWELL tested and inspected the Pressure Cooker in order to ensure that it was free from defects and safe for consumer use.

12.    The Pressure Cooker is an electric kitchen appliance designed to be used for efficient preparation of food. The product is designed to prepare meals by cooking liquids inside a pot that produces steam, which is trapped inside of the Pressure Cooker to create pressure. The resulting temperatures produced are expected to cook meals more efficiently, while allegedly maintaining more nutrients than conventional cooking methods.

13.    On or about May 24, 2020, Plaintiff was using the Pressure Cooker and followed instructions enclosed with the Pressure Cooker.

14.    While using the Pressure Cooker to prepare a meal, it suddenly and without warning exploded, causing scalding hot liquid, contents, and steam to fly out of the Pressure Cooker and onto Plaintiff.

15.    The Pressure Cooker had not been misused and had not been modified post-sale before it failed.

16.    As a direct and proximate result of the explosion of the Pressure Cooker and the expulsion of scalding contents therefrom, Plaintiff suffered severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

### COUNT I – PRODUCTS/STRICT LIABILITY AGAINST SUNBEAM
### (SHIRLEY JOHNSON)

17.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

18.    At all relevant times, Defendant SUNBEAM was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing pressure cookers and did design, manufacture, inspect, test, distribute, sell and/or market the Pressure Cooker giving rise to the subject Complaint.

19.     The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

20.     The Pressure Cooker had not been misused post-sale before it failed.

21.     The Pressure Cooker was within its anticipated useful life when it failed.

22.     The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

23.     Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

        a.     it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

        b.     a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

24.     That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns and other injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

25.     Therefore, Defendant SUNBEAM is liable to Plaintiff for the aforementioned injuries caused by the defective Pressure Cooker.

        **WHEREFORE**, Plaintiff, SHIRLEY JOHNSON, demands judgment against Defendant, SUNBEAM PRODUCTS, INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT II – NEGLIGENCE AGAINST SUNBEAM
### (SHIRLEY JOHNSON)

26.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

27.     Defendant SUNBEAM owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Pressure Cooker, and/or to adequately warn of dangers presented by the product's design.

28.     Defendant SUNBEAM knew, or in the existence of ordinary care, should have known, that the Pressure Cooker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

29.     Alternatively, Defendant SUNBEAM knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Pressure Cooker such that the type of incident and resulting injuries and damages as described herein would have been prevented.

30.     Alternatively, Defendant SUNBEAM had actual or constructive knowledge of the means of designing a pressure cooker that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant SUNBEAM failed to adequately design, equip and/or manufacture the Pressure Cooker.

31.     Alternatively, Defendant SUNBEAM negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

32.     Alternatively, Defendant SUNBEAM failed to prudently design, manufacture, test, inspect, market and/or sell the Pressure Cooker, and/or failed to include a reasonable and safer alternative to the subject defective condition.

33.     As a direct and proximate result of Defendant SUNBEAM's negligence, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation,

loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, SHIRLEY JOHNSON, demands judgment against Defendant, SUNBEAM PRODUCTS, INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT III – BREACH OF EXPRESS WARRANTY AGAINST SUNBEAM
### (SHIRLEY JOHNSON)

34.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

35.    Defendant SUNBEAM designed, manufactured, assembled, distributed, inspected, tested and/or sold the Pressure Cooker.

36.    Defendant SUNBEAM expressly warranted that the Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided.

37.    Defendant SUNBEAM's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the Pressure Cooker.

38.    The Pressure Cooker did not conform to Defendant SUNBEAM's affirmations regarding safety.

39.    As a direct and proximate result of Defendant SUNBEAM's breach of express warranties, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, SHIRLEY JOHNSON, demands judgment against

Defendant, SUNBEAM PRODUCTS, INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST SUNBEAM
### (SHIRLEY JOHNSON)

40.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

41.     Defendant SUNBEAM at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

42.     Defendant SUNBEAM impliedly warranted that the Pressure Cooker was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Defendant's own affirmations regarding the Pressure Cooker's safety features and overall safe condition.

43.     Defendant SUNBEAM breached their implied warranty of merchantability, as the product did not conform to Defendant's affirmations regarding the safety features and overall safe condition of the Pressure Cooker, the Pressure Cooker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

44.     As a direct and proximate result of Defendant SUNBEAM's breach of the implied warranty of merchantability, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

        **WHEREFORE**, Plaintiff, SHIRLEY JOHNSON, demands judgment against

Defendant, SUNBEAM PRODUCTS, INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT V – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST SUNBEAM
### (SHIRLEY JOHNSON)

45.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

46.     Defendant SUNBEAM designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

47.     In selling the Pressure Cooker to Plaintiff, Defendant SUNBEAM, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Pressure Cooker to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use.  Defendant impliedly warranted that the product would be fit for such particular purpose.

48.     Defendant SUNBEAM breached its implied warranty of fitness for a particular purpose, as the Pressure Cooker did not conform to Defendant SUNBEAM's affirmations regarding its product being fit for such particular purpose.   The Pressure Cooker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

49.     As a direct and proximate result of Defendant SUNBEAM's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either

permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, SHIRLEY JOHNSON, demands judgment against Defendant, SUNBEAM PRODUCTS, INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT VI – FAILURE TO WARN AGAINST SUNBEAM
### (SHIRLEY JOHNSON)

50.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

51.     Defendant SUNBEAM designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

52.     On or about May 24, 2020, Plaintiff used the Pressure Cooker in the manner intended and/or foreseeably intended, when the Pressure Cooker failed, exploded and/or otherwise caused injury to Plaintiff.

53.     Upon information and belief, the Pressure Cooker was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

54.     Defendant SUNBEAM knew or should have known of the dangerous nature of the Pressure Cooker by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Pressure Cooker.

55.     Defendant SUNBEAM had a duty to provide reasonable warning of the danger involved in the use of the Pressure Cooker and failed to provide the public, including Plaintiff, notice of the danger involved.

56.     As a direct and proximate result of the foregoing, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering,

disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, SHIRLEY JOHNSON, demands judgment against Defendant, SUNBEAM PRODUCTS, INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT VII – PRODUCTS/STRICT LIABILITY AGAINST NEWELL
### (SHIRLEY JOHNSON)

57.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

58.     At all relevant times, Defendant NEWELL was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing pressure cookers and did design, manufacture, inspect, test, distribute, sell and/or market the Pressure Cooker giving rise to the subject Complaint.

59.     The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

60.     The Pressure Cooker had not been misused post-sale before it failed.

61.     The Pressure Cooker was within its anticipated useful life when it failed.

62.     The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

63.     Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

        a.      it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.    a reasonably prudent manufacturer would not have put it on the market

assuming that manufacturer knew of its dangerous condition.

64.    That unreasonably dangerous condition and/or defect proximately caused

severely painful and disfiguring burns and other injury to Plaintiff, and resulting pain and

suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for

the enjoyment of life, and medical and nursing care and treatment.

65.    Therefore, Defendant NEWELL is liable to Plaintiff for the aforementioned injuries

caused by the defective Pressure Cooker.

**WHEREFORE**, Plaintiff, SHIRLEY JOHNSON, demands judgment against Defendant,

NEWELL BRANDS INC., for compensatory damages, court costs, and such other and

additional relief as this Court may deem appropriate.

**COUNT VIII – NEGLIGENCE AGAINST NEWELL**
**(SHIRLEY JOHNSON)**

66.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if

fully set forth herein.

67.    Defendant NEWELL owed Plaintiff, as well as the public at large, the duty of

reasonable care in designing, manufacturing, testing, inspecting, distributing, selling

and/or marketing the Pressure Cooker, and/or to adequately warn of dangers presented

by the product's design.

68.    Defendant NEWELL knew, or in the existence of ordinary care, should have

known, that the Pressure Cooker was defective and unreasonably dangerous to those

persons likely to use the product for the purpose and in the manner for which it was

intended to be used.

69.    Alternatively, Defendant NEWELL knew, or in the exercise of ordinary care should

have known, of the means of designing, manufacturing and/or marketing the Pressure

Cooker such that the type of incident and resulting injuries and damages as described

herein would have been prevented.

70.     Alternatively, Defendant NEWELL had actual or constructive knowledge of the means of designing a pressure cooker that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant NEWELL failed to adequately design, equip and/or manufacture the Pressure Cooker.

71.     Alternatively, Defendant NEWELL negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

72.     Alternatively, Defendant NEWELL failed to prudently design, manufacture, test, inspect, market and/or sell the Pressure Cooker, and/or failed to include a reasonable and safer alternative to the subject defective condition.

73.     As a direct and proximate result of Defendant NEWELL's negligence, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

         **WHEREFORE**, Plaintiff, SHIRLEY JOHNSON, demands judgment against Defendant, NEWELL BRANDS INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT IX – BREACH OF EXPRESS WARRANTY AGAINST NEWELL
### (SHIRLEY JOHNSON)

74.     Plaintiff realleges and reasserts the allegations contained in Paragraphs 1-16 as if fully set forth herein.

75.     Defendant NEWELL designed, manufactured, assembled, distributed, inspected, tested and/or sold the Pressure Cooker.

76.     Defendant NEWELL expressly warranted that the Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided.

77.     Defendant NEWELL's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the Pressure Cooker.

78.     The Pressure Cooker did not conform to Defendant NEWELL's affirmations regarding safety.

79.     As a direct and proximate result of Defendant NEWELL's breach of express warranties, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

        **WHEREFORE**, Plaintiff, SHIRLEY JOHNSON, demands judgment against Defendant, NEWELL BRANDS INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT X – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST NEWELL
### (SHIRLEY JOHNSON)

80.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

81.     Defendant NEWELL at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

82.     Defendant NEWELL impliedly warranted that the Pressure Cooker was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to NEWELL's

own affirmations regarding the Pressure Cooker's safety features and overall safe condition.

83.    Defendant NEWELL breached their implied warranty of merchantability, as the product did not conform to Defendant NEWELL's affirmations regarding the safety features and overall safe condition of the Pressure Cooker, the Pressure Cooker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

84.    As a direct and proximate result of Defendant NEWELL's breach of the implied warranty of merchantability, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

    **WHEREFORE**, Plaintiff, SHIRLEY JOHNSON, demands judgment against Defendant, NEWELL BRANDS INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XI – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST NEWELL
### (SHIRLEY JOHNSON)

85.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

86.    Defendant NEWELL designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

87.    In selling the Pressure Cooker to Plaintiff, Defendant NEWELL, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the

particular purpose to which Plaintiff would put the Pressure Cooker to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use. Defendant NEWELL impliedly warranted that the product would be fit for such particular purpose.

88.     Defendant NEWELL breached its implied warranty of fitness for a particular purpose, as the Pressure Cooker did not conform to Defendant SUNBEAM's affirmations regarding its product being fit for such particular purpose. The Pressure Cooker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

89.     As a direct and proximate result of Defendant NEWELL's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, SHIRLEY JOHNSON, demands judgment against Defendant, NEWELL BRANDS INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XII – FAILURE TO WARN AGAINST NEWELL
### (SHIRLEY JOHNSON)

90.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

91.     Defendant NEWELL designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

92.     On or about May 24, 2020, Plaintiff used the Pressure Cooker in the manner

intended and/or foreseeably intended, when the Pressure Cooker failed, exploded and/or otherwise caused injury to Plaintiff.

93.     Upon information and belief, the Pressure Cooker was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

94.     Defendant NEWELL knew or should have known of the dangerous nature of the Pressure Cooker by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Pressure Cooker.

95.     Defendant NEWELL had a duty to provide reasonable warning of the danger involved in the use of the Pressure Cooker and failed to provide the public, including Plaintiff, notice of the danger involved.

96.     As a direct and proximate result of the foregoing, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, SHIRLEY JOHNSON, demands judgment against Defendant, NEWELL BRANDS INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### DEMAND FOR TRIAL BY JURY

Pursuant to Florida Rules of Civil Procedure 1.430, Plaintiff demands a jury trial for all issues so triable.

Signed on 06/01/2023.

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive, Ste. 103
Weston, FL 33331
Telephone:   954-659-1605 x 222
Facsimile:   954-659-1380
Email:          gabriel@victimaid.com

By:*/s/ Gabriel A. Baca, Esq.*

GABRIEL A. BACA, ESQ.
Florida Bar No. 1017732
JASON TURCHIN, ESQ.
Florida Bar No. 585300


**CHAFFIN LUHANA LLP**
Attorney for Plaintiff
600 Third Ave, 12th Floor
New York, NY 10016
Telephone:   888-480-1123
Facsimile:     888-499-1123
Email: anderson@chaffinluhana.com

By:*/s/ Peter Anderson, Esq.*

PETER ANDERSON, ESQ.
(*pro hac vice pending*)
Maryland Bar No. 0912150025