UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHIRLEY JOHNSON,

    Plaintiff,

vs.

SUNBEAM PRODUCTS, INC., et al.,

    Defendants.

_____/

Case No. 9:23-cv-81022-MD

**PRETRIAL STIPULATION**

## PRETRIAL STIPULATION

The parties, by and through undersigned counsel, file this Pretrial Stipulation (the "Stipulation") for the two-week jury trial docket of February 9, 2026, with a Calendar Call set for February 4, 2026. The parties respectfully state as follows:

1. **CONCISE STATEMENT OF THE CASE**

   **Plaintiff's Statement**

   Plaintiff Shirley Johnson alleges she suffered burns and other injuries while using a Sunbeam 6-Quart Express Crock Multi-Cooker, Model SCCPPC600-V1 (hereafter, "Pressure Cooker") in May 2020. Plaintiff brings claims for strict liability, negligence, and breach of express warranty against Defendants Sunbeam Products, Inc. ("Sunbeam") and Newell Brands, Inc. ("Newell") and seeks compensatory and punitive damages. Plaintiff asserts that Newell and Sunbeam sold, failed to suspend the sales of, and failed to timely recall the Pressure Cooker that was defectively designed and manufactured because it could open in various ways when pressure was inside of the cooker This was

contrary to industry standards, the intended design of the Pressure Cooker, and representations Defendants made to consumers.

Defendants deny that the Pressure Cooker was defective, deny that they were negligent in bringing the product to market and continuing to sell it after they became aware of the defect, and deny that the warnings and instructions were inadequate.

**Defendants' Statement**

Plaintiff Shirley Johnson alleges she suffered burns and other injuries while using a Sunbeam 6-Quart Express Crock Multi-Cooker, Model SCCPPC600-V1 (hereafter, "Multi-Cooker") in May 2020. Plaintiff brings claims for strict liability, negligence, and breach of express warranty against Defendants Sunbeam Products, Inc. ("Sunbeam") and Newell Brands, Inc. ("Newell") and seeks compensatory and punitive damages. Plaintiff asserts that Newell and Sunbeam sold, the Multi-Cooker that was defectively designed and manufactured because it could open while still pressurized, contrary to industry standards, the intended design of the Multi-Cooker, and representations Defendants made to consumers.

Defendants deny that the Multi-Cooker was defective, deny that they were negligent, deny that the warnings and instructions were inadequate, and deny that they breached any express warranty. Defendants further deny that Plaintiff is entitled to punitive damages.

2. **BASIS FOR FEDERAL JURISDICTION**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332. The parties are diverse, and Plaintiff contends the amount in controversy exceeds $75,000.00. At the time of filing, Defendant Sunbeam was principally located in Boca Raton, Florida and incorporated in the State of Delaware, and is now located in Georgia. Defendant Newell was principally located in New Jersey and incorporated in the State of Delaware and is now located in Georgia. Plaintiff is a citizen and resident of Texas.

3. **PLEADINGS RAISING THE ISSUES**

Plaintiffs' Second Consolidated Amended Complaint alleges causes of action sounding in strict liability, negligence, and breach of express warranty. Defendants' Answers deny that the product was

defective, that they were negligent, that they breached an express warranty, and raise comparative fault of the Plaintiff as an affirmative defense. Defendants further deny that Plaintiff is entitled to punitive damages.

**4. ALL UNDISPOSED MOTIONS OR OTHER MATTERS WHICH REQUIRE ACTION BY THE COURT**

(1) Plaintiffs' Daubert Motion to Exclude the Opinions of Defendants' Experts Joseph P. Mohorovic, CPSM, Robert H. Miller, and Eric J. Boelhouwer, Ph.D, CSP. CPE. (ECF No. 61).

(2) Defendants' Motions in Limine. (ECF No. 141).

(3) Plaintiff's Motions in Limine. (ECF No. 142).

(4) Plaintiff's Unopposed Motion Regarding Remote Witnesses for Trial (ECF No. 143).

(5) Plaintiff's Unopposed Motion to Bring Electronic Equipment into the Courtroom (ECF No. 149)

(6) Plaintiff's Proposed Questions to be Included in Jury Questionnaire and Proposed Mini-Opening during Voir Dire (ECF No _).

(7) Defendants' Motion to Bifurcate Consideration of the Amount of Punitive Damages (ECF No. 148)

(8) Defendants' Proposed Jury Questions (ECF No. )

(9) Defendants' Objections to Plaintiff's Deposition Designations and Counter-Deposition Designations (ECF No. )

(10) Defendants' Objections to Plaintiff's Exhibit and Witness Lists. (ECF No. )

**5. A CONCISE STATEMENT OF UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL**

1. Defendant Sunbeam is an American brand that designs, manufactures, distributes and sells home appliances including the Crock Pot brand.

2. Defendant Newell is a consumer products company with a portfolio of different brands, including Sunbeam.

3. Defendant Sunbeam is a subsidiary of Defendant Newell.

4. The Multi-Cooker was manufactured by Jiangmen Nanguang Electrical Appliance Industrial Company.

5. Underwriters Laboratories listed the Multi-Cooker under the two applicable UL standards, UL 136 and UL 1026.

6. In or about July 2017, the Multi-Cooker was first marketed, distributed, and sold to retailers for sale to consumers.

7. The Subject Multi-Cooker was manufactured on April 23, 2018.

8. The incident giving rise to this lawsuit occurred on or about May 24, 2020.

**6. STATEMENT IN REASONABLE DETAIL OF ISSUES OF FACT TO BE LITIGATED**

**Plaintiff's Statement**

1. As to strict liability, whether the Pressure Cooker was defective and whether those defects were the cause of harm to Plaintiff.

2. As to strict liability failure to warn, whether the foreseeable risks of harm from the Pressure Cooker could have been reduced or avoided by providing reasonable instructions or warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous.

3. As to negligence, whether Defendants failed to use reasonable care as an importer, designer, manufacturer, seller, and/or distributor of the Pressure Cooker by failing to suspend sales of the cooker when it learned of the defects and failing to recall the product sooner.

4. As to negligent failure to warn, whether Defendants failed to use reasonable care in amending its warning to consumers about the nature, frequency, severity, and duration of foreseeable risks of harm from use of the Pressure Cooker.

5. As to breach of express warranty, whether Defendants made express statements that the Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided and Defendants' affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have used the Pressure Cooker.

6. As to comparative fault, whether Plaintiff was negligent in interacting with the Pressure Cooker and whether her fault caused or contributed to her injuries.

7. As to compensatory damages, the fair and just value of pain, suffering, and/or disfigurement, and loss of enjoyment of life, as a result of the incident.

8. As to punitive damages, a fair and just amount to punish Defendants for their wrongful conduct and to deter similar misconduct.

**Defendants' Statement**

1. As to strict liability, whether the Multi-Cooker contained a design defect that made it unreasonably dangerous and whether those defects were the cause of harm to Plaintiff.

2. As to strict liability failure to warn, whether the foreseeable risks of harm from the Multi-Cooker could have been reduced or avoided by providing reasonable instructions or warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous.

3. As to negligence, whether Sunbeam Products, Inc. and/or Newell Brands Inc.  failed to use reasonable care as an importer, designer, manufacturer, seller, and/or distributor of the Multi-Cooker.

4. Whether Newell Brands Inc. was an importer, designer, manufacturer, seller and/or distributor of the Multi-Cooker.

5. As to breach of express warranty, whether Sunbeam Products, Inc. and /or Newell Brands Inc.  made express statements that the Multi-Cooker was safe for ordinary use when used in compliance with the instructions provided and Sunbeam Products, Inc. and/or Newell Brands Inc's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have used the Multi-Cooker.

6. As to comparative fault, whether Plaintiff was negligent in interacting with the Multi-Cooker and whether her fault caused or contributed to her injuries.

7. As to compensatory damages, the fair and just value of pain, suffering, and/or disfigurement, and loss of enjoyment of life, as a result of the incident.

8. Whether Sunbeam Products, Inc. and/or Newell Brands Inc. was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety or rights of persons exposed to such conduct.

9. As to punitive damages, a fair and just amount to punish Sunbeam Products, Inc. and/or Newell Brands Inc.  for their wrongful conduct and to deter similar misconduct.

7. **A CONCISE STATEMENT OF ISSUES OF LAW ON WHICH THERE IS AGREEMENT**

   None.

8. **CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT**

   Issues raised in pending Motions detailed above.

9. **TRIAL EXHIBITS**

   See Plaintiff's Exhibits and Defendants' Exhibit Lists.

10. **WITNESSES**

    See Plaintiff's Witness List and Defendants' Witness List.

11. **ESTIMATED TRIAL TIME**

    The parties anticipate the trial will take five (5) days.

12. **ATTORNEYS FEES**

    Attorneys' fees are not being sought by either party in this case.

Date: February 4, 2026

Respectfully submitted,

Kelley | Uustal
500 North Federal Highway, Suite 200
Fort Lauderdale, Florida 33301
Telephone: (954) 522-6601
Facsimile:  (954) 522-6608
Email: jju@kulaw.com

By: */s/ John Uustal*
John J. Uustal, Esq.
FBN# 73547

Eric T. Chaffin, Esq. phv
Steven D. Cohn, Esq. phv
Chaffin Luhana LLP
600 Third Avenue, 12th Floor
New York, NY 10016
(888) 480-1123
chaffin@chaffinluhana.com
cohn@chaffinluhana.com

*Counsel for Plaintiffs*

*/s/ David O'Connell*
**GOLDBERG SEGALLA, LLP**
David J. O'Connell, Esq.
(786) 814-4810 Office
framos@goldbergsegalla.com
tkaiser@goldbergsegalla.com

ppowers@goldbergsegalla.com
swilliamson@goldbergsegalla.com
doconnell@goldbergsegalla.com
ccarlson@goldbergsegalla.com

*Counsel for Defendants Sunbeam Products, Inc. and Newell Brands Inc.*

## **CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on February 4, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

    Kelley | Uustal
    Counsel for Plaintiff
    500 North Federal Highway, Suite 200
    Fort Lauderdale, Florida 33301
    Telephone: (954) 522-6601
    Facsimile:  (954) 522-6608
    Email: jju@kulaw.com

    By: */s/ John J. Uustal*
    John J. Uustal, Esq.
    FBN# 73547