UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-81022-CIV-DAMIAN/Strauss

**SHIRLEY JOHNSON**,

    Plaintiff,

v.

**SUNBEAM PRODUCTS, INC.**, *et al.*,

    Defendants.

_____/

## **OMNIBUS ORDER ON MOTIONS *IN LIMINE* [ECF NOS. 141, 142]**

**THIS CAUSE** came before the Court for a Motion Hearing held on February 6, 2026, at which the parties appeared, through counsel, before the undersigned [(the "Hearing") ECF No. 167]. The Court heard argument from the parties as to Plaintiff, Shirley Johnson's ("Plaintiff"), Motion *In Limine*, filed January 20, 2026 [ECF No. 141 ("Plaintiff's Motion")], and as to Defendants, Sunbeam Products, Inc. and Newell Brands, Inc. ("Defendants"), Motion *In Limine*, also filed January 20, 2026 [ECF No. 142 ("Defendants' Motion")].

THE COURT has reviewed the Motions, the Responses [ECF Nos. 150, 152] thereto, the record, the applicable law, has heard oral argument by counsel for the parties at the February 6, 2026 Hearing, and is otherwise fully advised.

For the reasons stated and as further detailed on the record, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion **[ECF No. 141]** is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiff's MIL #1 is **GRANTED IN PART**. Plaintiff's MIL #1 is **GRANTED** as it relates to the request to permit argument and evidence relevant to the 2018 CPSC

investigation and **DENIED** as it relates to the request to present argument and evidence regarding Defendants' recall of the product in November 2020.

2. Plaintiff's MIL #2 is **GRANTED** insofar as Defendants are precluded from introducing or eliciting evidence regarding Plaintiff or her spouse's employment with the Department of Homeland Security.

3. Plaintiff's MIL #3 is **DENIED** insofar as Plaintiff seeks to preclude Defendants from introducing or eliciting evidence regarding expert testing of other similar products from different manufacturers or sellers.

4. Plaintiff's MIL #4 is **DENIED** insofar as Plaintiff seeks to exclude evidence of expert testing conducted on the same/exemplar products.

5. Plaintiff's MIL #5 is **DENIED**.

6. Plaintiff's MIL #6 is **GRANTED** insofar Plaintiff seeks to preclude the introduction of evidence regarding Plaintiff's medical bills.

7. Plaintiff's MIL #7 is **GRANTED**.

8. Plaintiff's MIL #8 is **DENIED** insofar as Plaintiff seeks to preclude Defendants from eliciting testimony regarding witness personal knowledge and use of pressure cookers

9. Plaintiff's MIL #9 is **TAKEN UNDER ADVISEMENT**.

10. Plaintiff's MIL #10 is **GRANTED**.

It is further

**ORDERED AND ADJUDGED** that Defendants' Motion **[ECF No. 142]** is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendants' MIL #1 is **GRANTED IN PART**. Defendants' MIL #1 is **DENIED** insofar as Defendants seek to preclude argument and evidence relevant to the 2018 CPSC investigation and **GRANTED** as it relates to the request to preclude argument and evidence regarding Defendants' recall of the product in November 2020.

2. Defendants' MIL #2 is **DENIED** insofar as Defendants seek a blanket preclusion of all evidence of other lawsuits, incidents or claims. Defendants may raise this objection contemporaneously as testimony is elicited or evidence introduced. As stated on the record, Plaintiff is admonished that such evidence is limited to the same or similar circumstances as the instant case.

3. Defendants' MIL #3 is **DENIED** insofar as Defendants seek to preclude all evidence of product testing involving substantially similar defects and circumtances as alleged in this case.

4. Defendants' MIL #4 is **GRANTED**.

5. Defendants' MIL #5 is **GRANTED** insofar as Defendants seek to preclude evidence of injuries involving other persons not the Plaintiff.

6. Defendants' MIL #6 is **GRANTED**.

7. Defendants' MIL #7 is **DENIED**. Defendants may raise objections contemporaneously as testimony regarding product recalls is elicited or evidence introduced. Plaintiffs are admonished that they are not to introduce evidence suggesting legal recall duties that do not exist.

8. Defendants' MIL #8 is **DENIED**.

9. Defendants' MIL #9 is **DENIED** based on the parties' representations on the record regarding the disclosure of all documents to be introduced as evidence at trial.

10. Defendants' MIL #10 is **GRANTED IN PART**. Defendants' MIL #10 is **DENIED** insofar as Defendants seek to preclude all discussions regarding of Plaintiff's need for future medical treatment and **GRANTED** as it relates to any specific dollar amounts for future medical treatment and expenses.

11. Defendants' MIL #11 is **TAKEN UNDER ADVISEMENT**.

12. Defendants' MIL #12 is **DENIED AS MOOT**.

To the extent the Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 9th day of February, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of Record